## JAMES WOOD v. STATE.

No. A-4199.   Opinion Filed April 16, 1923.
(214 Pac. 137.)

(Syllabus.)

**Appeal and Error—Cause Abated by Death of Appellant.** In a criminal prosecution, the purpose of the proceeding being to punish the accused, the action must necessarily abate upon his death; and, where it is made to appear that plaintiff in error has died pending the determination of his appeal, the cause will be abated.

Appeal from District Court, Pottawatomie County; Hal Johnson, Judge.

James Wood was convicted of a second violation of the prohibitory liquor law, and he appeals. Proceedings abated.

Goode & Dierker, for plaintiff in error.

The Attorney General, for the State.

DOYLE, J. The plaintiff in error, James Wood, was prosecuted on an information filed in the district court of Pottawatomie county charging a second violation of the prohibitory liquor law. Upon his trial the jury found him guilty, and assessed his punishment at a fine of $100 and imprisonment in the state penitentiary for the term of three years. From the judgment rendered on the verdict on November 7, 1921, an appeal was perfected by filing in this court on January 20, 1922, a petition in error with case-made. Before the final submission of the case the plaintiff in error departed this life, as shown by the motion of his counsel of record, averring the fact that, "the said James Wood departed this life, he having been killed in a gun fight on the streets of Shawnee more than three months ago," which motion is duly verified.

In a criminal prosecution, the purpose of the proceedings being to punish the accused, the action must necessarily abate upon his death; and, where it is made to appear that the plaintiff in error has died pending the determination of his appeal, the cause will be abated.

It is therefore adjudged and ordered that the proceedings in the above-entitled cause do abate. Cause remanded, with direction to the trial court to enter, its appropriate order to that effect.

MATSON, P. J., and BESSEY, J., concur.